# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARQUIS WOODS,

    Petitioner,

-vs-                                                    Case No.  8:13-CV-728-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

This matter is before the Court, *sua sponte,* for review of the file.  Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus challenging a 2008 conviction for first degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).  On November 22, 2013, the Court granted Petitioner an extension of time until December 30, 2013, to pay the $5.00 filing fee (Dkt. 19).

Petitioner has failed to timely comply with the November 22, 2013 Order.  The Order was mailed to Petitioner's address of record, and it has not been returned to the Clerk as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court.  *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31

(1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1.  The Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's November 22, 2013 Order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2.  The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner

F:\Docs\2013\13-cv-728 dismissal.wpd