# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARQUIS WOODS,

    Petitioner,

-vs-                                    Case No.  8:13-CV-728-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Pending before the Court is Petitioner's Motion for Reconsideration (Dkt. 21).  Given the relief requested, the Court construes Petitioner's motion as a Rule 60(b)(6), Fed. R. Civ. P., motion for relief for "any other reason that justifies relief."

## BACKGROUND

Petitioner filed a petition for writ of habeas corpus on March 21, 2013 (Dkt. 1).  On March 25, 2013, the Court issued an order directing Petitioner to submit either the filing fee or an Affidavit of Indigency requesting leave to proceed *in forma pauperis* on or before April 25, 2013 (Dkt. 3).  Petitioner was warned that if he failed to timely comply with the order, this action would be dismissed without further notice (Id.).  Petitioner failed to timely comply with the order, and therefore the case was dismissed without prejudice on May 8, 2013 (Dkt. 4).

On June 4, 2013, Petitioner filed a letter with the Court in which he indicated that he had requested the Department of Corrections to withdraw $5.00 from his prison account to

pay the filing fee, but the Department of Corrections failed to timely mail the money to the Court (Dkt. 6).[1]  The Court construed the letter as a motion for reconsideration of the order dismissing the case, and, on June 12, 2013, granted the construed motion, reopened the case, and directed Petitioner to pay the filing fee within 30 days (Dkt. 7).

On June 25, 2013, the Court granted Petitioner's motion for an extension of time to pay the filing fee, and directed Petitioner to pay the fee on or before August 12, 2013 (Dkt. 9).  On August 13, 2013, the Court granted Petitioner's second motion for an extension of time to pay the fee, and directed Petitioner to pay the fee on or before September 12, 2013 (Dkt. 12).  Petitioner failed, however, to timely pay the fee. Consequently, on September 23, 2013, the Court again dismissed this action for failure to prosecute and failure to timely comply with the Court's August 13, 2013 order (Dkt. 13).

On October 24, 2013, Petitioner filed a motion for reconsideration of the September 23rd order dismissing this action in which he asserted that the failure to pay the filing fee was "due to circumstances beyond [his] control" because the Department of Corrections failed to comply with his request to withdraw the filing fee from his prison trust account and forward it to the Court (Dkt. 16).  On October 31, 2013, the Court granted the motion, reopened the case, and directed Petitioner to pay the filing fee on or before November 29, 2013 (Dkt. 17).  Petitioner was again warned that failure to timely comply with the order would result in dismissal of this action without further notice (Id.).

---

[1] After the case was dismissed and closed, the Court received Petitioner's fee.  The fee was returned to Petitioner.

2

On November 22, 2013, the Court granted Petitioner's request for an extension of time to pay the filing fee, and directed him to pay the fee on or before December 22, 2013 (Dkt. 19). Petitioner once again failed to timely pay the fee. Therefore, on January 13, 2014, the Court dismissed this action without prejudice (Dkt. 20). More than 60 days later, Petitioner filed the instant motion for reconsideration of the January 13th order.

## DISCUSSION

In support of the motion, Petitioner asserts as cause for having failed to timely pay the filing fee that: 1) he did not have postage to mail another motion for an extension of time to pay the filing fee; and 2) he was housed on close management where he did not have "access to the forms that will allow him to pay the filing fee to the court." (Dkt. 21 at p. 1). To the extent Petitioner alleges that he did not have money to obtain postage to mail a motion for another extension of time to pay the filing fee, the allegation does not warrant relief from the January 13th order. Pursuant to the Florida Administrative Code, an indigent inmate is provided free postage for legal mail. Fla. Admin. Code R. 33-210.102(10)(a). Petitioner has not alleged that he was denied postage for his legal mail.

To the extent Petitioner asserts that while housed in close management he did not have "access to the forms that will allow him to pay the filing fee to the court," the assertion is wholly vague. Petitioner does not provide any information regarding the "forms" that he needed in order to pay the fee, or why he was unable to access the "forms" or pay the fee while housed in close management. He has cited to no Florida Department of Corrections rule or procedure that prohibited his access to the "form" or hindered his ability to pay the filing fee.

"The law is well established that Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances." *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990). "[E]xtraordinary circumstances that warrant the reopening of a judgment 'will rarely occur in the habeas context.'" *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Petitioner has not alleged sufficient facts constituting "extraordinary circumstances" to warrant reopening this case. He does not allege facts showing that he was unable to timely pay the filing fee. His vague and conclusory allegations of cause are insufficient to warrant relief under Rule 60(b). *See Saunders v. United States*, 380 Fed. Appx. 959, 964 (11th Cir. 2010) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief."); *United States v. Reyes*, 307 F.3d 451, 456-57 (6th Cir. 2002) ("A district court is justified in denying Rule 60(b) relief for excusable neglect when it is supported by vague, conclusory allegations.").

Accordingly, it is **ORDERED** that Petitioner's Motion for Reconsideration (Dkt. 21) is **DENIED**.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO**
**APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability (COA). "It is still the law of [the Eleventh] [C]ircuit that 'a [COA] is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" *Jackson v. Crosby*, 437 F.3d 1290,

4

1294-95 (11th Cir. 2006) (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)).

"[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims," such as here, "a petitioner will be granted a [COA] 'only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong,' 366 F.3d at 1267, *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added)." *Jackson*, 473 F.3d at 1295 (footnote omitted) (citing *Gonzalez*, 366 F.3d at 1267) (citations omitted). "These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id*. at 1295 (citing *Gonzalez*, 366 F.3d at 1268). Petitioner has not made the requisite showing in these circumstances. In addition, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner

5